UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
FRANK MCGILL,

                Plaintiff,

      - against -

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
------------------------------------------------------x

**MEMORANDUM & ORDER**
18-CV-6430 (PKC)

PAMELA K. CHEN, United States District Judge:

        On November 12, 2018, Plaintiff appealed an adverse Social Security decision to this Court. (Dkt. 1.) After briefing, the Court granted Plaintiff's motion for judgment on the pleadings, remanded to the Social Security Administration ("SSA"), and awarded Plaintiff $6,900.00 in attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. 17; 03/18/2020 Docket Order). On remand, Plaintiff was awarded past-due benefits as well as ongoing payments. (*See* Dkt. 31-2.) Within the 14-day filing period, Plaintiff's counsel moved for attorney's fees pursuant to 42 U.S.C. § 406(b), which permits courts to award a "reasonable fee . . . not in excess of 25% of the total of the past-due benefits to which the claimant is entitled," less any amount already awarded pursuant to the EAJA. (Dkt. 20); 42 U.S.C. § 406(b); *Gisbrecht v. Barnhart*, 535 U.S. 789, 789 (2002).

        In this case, Plaintiff's counsel was retained on a 25% contingency-fee agreement. (Dkt. 31-1.) Plaintiff's counsel has submitted itemized records demonstrating that he spent 36.1 hours on this case. (Dkt. 31-3.) Plaintiff's counsel seeks a total of $12,355.75 in attorney's fees.[1] (Dkt.

---

[1] Pursuant to 42 U.S.C. § 406(a), counsel has already obtained attorney's fees for the work that he performed before the SSA. (*See* Dkt. 30.) In the present motion, counsel seeks fees only for the work that he performed before this Court. (*Id.*)

1

29.) While not deploying the lodestar method, the Court notes that $12,355.75 for 36.1 hours equals $342.26 per hour. In its limited role as a Court-ordered trustee, the Social Security Commissioner notes that the requested fee is in line with other awards deemed reasonable in this circuit. (Dkt. 33.) Likewise, this Court finds that the fee requested in this case does not exceed the 25% statutory cap, there is no evidence of fraud or overreaching in the making of the contingency-fee agreement, and the requested amount would not be a windfall to Plaintiff's counsel. *See Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (holding that 39.5 hours is a reasonable amount of time to work on a social security case in this Court); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 639 (E.D.N.Y. 2015) ("[A]n award . . . amounting to an hourly rate of $350 . . . satisfies the underlying policy goal of ensuring that claimants have qualified counsel in their social security appeals.").

Accordingly, Plaintiff's motion for attorneys' fees pursuant to 42 U.S.C. § 406(b) is granted and Plaintiff's counsel is awarded $12,355.75. Upon receipt of that award from the government, Plaintiff's counsel shall promptly refund Plaintiff $6,900.00, which represents the EAJA fees already received by counsel. This case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 11, 2022
      Brooklyn, New York